# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DONALD G. RAINEY,

    Plaintiff,

vs.

DAN WATTS, et al.,

    Defendants.

Case No. 3:12-cv-00386-RCJ-WGC

**ORDER**

    Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections, has submitted an application to proceed in forma pauperis, a civil rights complaint pursuant to 42 U.S.C. § 1983 (#1), and an amended complaint (#3). The court denies the application to proceed in forma pauperis because plaintiff has paid the filing fee in full. The court has screened the complaint and the amended complaint. Plaintiff will need to file a second amended complaint.

    When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." . . . [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." . . .
>
> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citations omitted).

Plaintiff alleges that on June 6, 2008, he was beaten by three people. He was arrested after the beating, booked into the county jail, and treated at the hospital for his injuries. According to documents attached to the complaint, on August 28, 2008, plaintiff was treated at the hospital again. He complained of continuing headaches and ringing in his ears. The latest date on any of the documents is in November 2008.

The first problem is that the amended complaint (#3) contains no allegations of its own. For the purposes of this order, the court has been referring to the original complaint (#1). However, an amended complaint must be complete by itself. If plaintiff does not re-allege all causes of action in an amended complaint, then they are waived. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

The second problem is that the original complaint (#1) itself is too vague. "[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under section 1983." Estelle v. Gamble, 429 U.S. 97, 105 (1976). "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) (quoting Gamble, 429 U.S. 104), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain

are examples of indications that a prisoner has a 'serious' need for medical treatment." McGuckin, 974 F.2d at 1059-60.

Deliberate indifference is subjective. The prison official cannot be held liable "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 838 (1994). "To show deliberate indifference, the plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to plaintiff's health." Snow v. McDaniel, 681 F.3d 978, 988 (9th Cir. 2012) (internal quotations omitted). However, a difference of opinion over the appropriate course of treatment does not amount to deliberate indifference. Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004).

Plaintiff alleges in the section titled "Nature of the Case" that he did not receive full medical treatment, but he does not allege what his injuries were and what treatment was necessary. In the part of the complaint form used for alleging the counts, plaintiff presents only legal argument, and he does not allege any facts at all. The court cannot determine from what plaintiff has alleged whether he has a serious medical need.

The court also cannot determine whether the jail officials or the staff at the hospital were deliberately indifferent. One document dated August 28, 2008, indicates that the ringing in plaintiff's ears and his headaches likely are permanent due to the injuries that he suffered. Unless plaintiff alleges that those problems can be cured through medical treatment, at best he has alleged a difference in opinion between himself and the doctor.

Third, plaintiff has not alleged facts showing that governmental entities can be liable. Plaintiff has named Dan Watts, Sheriff of White Pine County, and John Gandy, a doctor at the William Bee Ririe Hospital, in their individual and official capacities.[1] Plaintiff also has named

---

[1] Plaintiff also has named several "Doe" defendants, but the action cannot proceed against them unless he provides the court with their identities. In the amended complaint, plaintiff has identified two deputy sheriffs by their last names, but he has not indicated in what capacity he is

White Pine County and the William Bee Ririe Hospital as defendants in the caption of the complaint (#1). While individual-capacity actions seek to impose personal liability upon a government official for actions performed under color of state law, official-capacity actions generally represent another way of suing "an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165 (1984) (quoting Monell v. Department of Social Services of City of New York, 436 U.S. 658, 690 n.55 (1978)). To succeed with official-capacity claims against defendants and claims against governmental entities, Plaintiff must prove that any constitutional violations that he suffered occurred as a result of an official policy or custom. Monell, 436 U.S. at 690. Plaintiff does not allege that any policy or custom prevented him from obtaining medical treatment. In his second amended complaint, he will need to allege what that policy or custom is.

Fourth, plaintiff needs to allege when he was transferred from the custody of the White Pine County Sheriff to the custody of the Nevada Department of Corrections, because it appears that this action is untimely. Section 1983 does not have its own statute of limitations. A court uses the statute of limitations for personal injury actions of the state in which it is located. Wilson v. Garcia, 471 U.S. 261 (1985). In Nevada, the applicable statute of limitations is Nev. Rev. Stat. § 11.190(4)(e), which has a period of limitations of two (2) years. Perez v. Seevers, 869 F.2d 425, 426 (9th Cir. 1989) (per curiam). "Federal law determines when a cause of action accrues and the statute of limitations begins to run for a § 1983 claim. A federal claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." Bagley v. CMC Real Estate Corp., 923 F.2d 758, 760 (9th Cir. 1991) (citations and internal quotations omitted).

Plaintiff was beaten and arrested on June 6, 2008, and the documents attached to the complaint (#1) indicate that he was last seen in the hospital in November 2008. To the extent that plaintiff claims that defendants should have treated him properly immediately after his arrest, that cause of action accrued on June 6, 2008, and the period of limitations ran out on June 7, 2010, taking a Sunday into account, more than two years before plaintiff commenced this action. To the extent that plaintiff claims that defendants should have treated him properly while he was in their

---

suing those defendants.

-4-

custody, the defendants' responsibility to for his medical care ended when their custody over him ended. If plaintiff was transferred to the custody of the Nevada Department of Corrections more than two years before he commenced this action, then the period of limitations has run out, and he cannot maintain an action against defendants for deliberate indifference to his serious medical needs. Consequently, plaintiff will need to allege when he was transferred from defendants' custody.

IT IS THEREFORE ORDERED that the clerk of the court file the application to proceed in forma pauperis, which is in the court's docket at #1, pp. 13-15.

IT IS FURTHER ORDERED that the application to proceed in forma pauperis is **DENIED** as moot.

IT IS FURTHER ORDERED that the amended complaint (#3) is **DISMISSED** for failure to state a claim upon which relief can be granted, with leave to amend. The clerk shall send to plaintiff a civil rights complaint form with instructions. Plaintiff will have thirty (30) days from the date that this order is entered to submit his second amended complaint, if he believes that he can correct the noted deficiencies. Failure to comply with this order will result in the dismissal of this action.

IT IS FURTHER ORDERED that plaintiff shall clearly title the amended complaint as such by placing the phrase "SECOND AMENDED" immediately above "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" on page 1 in the caption, and plaintiff shall place the case number, 3:12-cv-00386-RCJ-WGC, above the phrase "SECOND AMENDED."

Dated: November 14, 2012

_____
ROBERT C. JONES
Chief United States District Judge